OPINION OF THE COURT
Memorandum.
*77 Order insofar as appealed from reversed without costs, plaintiff’s motion for summary judgment granted in the principal sum of $1,628.98 and the matter remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees.
In this action seeking to recover assigned first-party no-fault benefits, upon plaintiff’s motion for summary judgment, the papers established that defendant received the provider’s claims and that payment of no-fault benefits was overdue, thereby demonstrating a prima facie showing of entitlement to judgment as a matter of law (see Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]).
Defendant cross-moved for summary judgment in which it claimed that it sent a timely verification request for letters of medical necessity. It asserted that this request for verification stayed the 30-day period in which defendant was required to either pay or deny the claim (see 11 NYCRR 65.15). However, plaintiff’s billing manager’s affidavit stated that he mailed defendant the letters of medical necessity and recited the address and the date of mailing. An affidavit by someone with personal knowledge is sufficient proof of mailing (Tracy v William Penn Life Ins. Co. of N.Y., 234 AD2d 745, 748 [1996]; Careplus Med. Supply Inc. v Travelers Home & Mar. Ins. Co., 7 Misc 3d 133[A], 2005 NY Slip Op 50648[U] [App Term, 2d & 11th Jud Dists 2005]; S & M Supply Inc. v Geico Ins., 2003 NY Slip Op 51192[U] [App Term, 2d & 11th Jud Dists 2003]).
The defendant insurer also cross-moved for summary judgment based on a claim of fraud. Defendant insurer is precluded from raising most defenses since the claim was not timely denied. A fraud defense based on a claim that the automobile accident was staged and therefore not an insured incident is not precluded by an untimely denial (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]). However, the defense presented herein is that the claim form the provider submitted was fraudulent in that the assignor, the eligible injured person, stated that he never received the medical supplies. In this regard, the Court of Appeals noted the following:
“No-fault reform was enacted to provide prompt uncontested, first-party insurance benefits (see, Montgomery v Daniels, 38 NY2d 41). That is part of the price paid to eliminate common-law contested *78 lawsuits. Indeed, contrary to the insurer’s assertions, preclusion of this type was an available remedy at common law, and if this important facet of the juridical rights and remedies among the various interested parties is to be deemed eliminated, it must be evident more plainly and expressly as this would be in derogation of a common-law protection. The tradeoff of the no-fault reform still allows carriers to contest ill-founded, illegitimate and fraudulent claims, but within a strict, short-leashed contestable period and process designed to avoid prejudice and red-tape dilatory practices.” (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 285 [1997] [emphasis added].)
Accordingly, a defense based on a provider’s fraudulent scheme to obtain no-fault benefits is precluded by defendant’s untimely claim denial (see Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92 [App Term, 2d & 11th Jud Dists 2004]; see also Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d at 199).
We are as mindful as our dissenting colleague of the steep increase in fraudulent no-fault benefits claims arising both from traffic incidents staged to defraud and from provider claims where the services or supplies were either never rendered or are based on excessive or unwarranted treatment or supplies (e.g. Pommells v Perez, 4 NY3d 566, 571 [2005] [“Abuse . . . abounds”]). The Court of Appeals clearly determined that only defenses based on the former are not subject to the preclusion sanction (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d at 199). Indeed, juxtaposed to that holding is the concurring opinion in Chubb which, recognizing the majority’s rejection of the argument, sought to merge claims based on unnecessary or excessive treatment, however fraudulently sought, with the mandatory endorsement’s limitation on recoverable benefits to items of “basic economic loss,” that is, the “necessary expenses” incurred by eligible injured persons (90 NY2d at 203 [Wesley, J., concurring]; see Insurance Law § 5102 [a] [1]). However, we are bound by the majority’s unequivocal construction of the No-Fault Law which limits an insurer’s ability to resist “ill-founded, illegitimate and fraudulent claims” submitted by providers of medical services or medical equipment to the “strict, short-leashed contestable period” set forth in, the verification protocols (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d at 285 [emphasis added]). The clear *79 implication is that a defense based on a provider’s alleged fraudulent claim for no-fault benefits is precluded by an insurer’s failure effectively to invoke its remedies in the “contestable period,” one of the “tradeoff[s] of the no-fault reform” which the Legislature recognized as the cost of providing “prompt uncontested, first-party insurance benefits” (id.). The dissenter’s conjoining of a provider’s fraudulent claim arising from an otherwise covered accident with the exception to the preclusion rule of claims based on traffic incidents staged to defraud, elides the critical distinction between claims based on noncovered, fraudulent events, which implicate an insurer’s obligations under an insurance contract, with claims based on fraudulent excessive treatment or supplies, or unprovided treatment or supplies, or fraudulent overbilling therefor, which concern only the extent of an insurer’s liability for no-fault benefits following a covered accident. The former are not subject to preclusion because an insurer has not contracted to provide benefits for such events, while the latter are subject to preclusion because, if arising from a covered incident, they “do[ ] not ordinarily constitute ... [a] lack of coverage classification” but merely excessive no-fault benefits otherwise payable under an insurance contract (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d at 202 [excessive no-fault payments are merely “a matter of degree”]). Indeed, we see no meaningful distinction between a fraudulent claim for a $25 item of unprovided medical equipment following a covered accident, a fraudulent claim for $500 medical equipment where the item’s cost to the provider was $25 (that is, well in excess of 150% of cost), and a $500 claim for physical therapy treatments where only $25 of such treatments were medically necessary or, for that matter, were actually administered. In essence, the Court of Appeals declined to distinguish forms of provider fraud according to the method of perpetration; thus, fraudulent provider claims, whether by “fraudulent overbilling” or whatever other forms of fraud the dissent means by “classic fraud,” remain collectively subject to the preclusion rule. Only coverage defenses are not subject to the preclusion sanction. The dissent attempts to expand the coverage defense exception to provider fraud which is contrary to prevailing Court of Appeals decisions and applicable law which only the Legislature is empowered to change. We note in passing that an insurer precluded from defending a claim based on provider fraud is not without remedy; after paying such a claim, the insurer, for example, may have an action *80 to recover benefits paid under a theory of fraud or unjust enrichment (cf. State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 322 [2005]) and it may seek criminal sanctions for insurance fraud and obtain restitution (Penal Law § 176.00 et seq.; § 60.27).
Therefore, plaintiffs motion for summary judgment should be granted and the matter remanded for the calculation of statutory interest and attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.