■ YURIY KHAIMOV, Appellant, v JING FAN, Respondent. [929 NYS2d 762]—

The defendant met his prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that the cervical region of his spine sustained certain injuries as a result of the subject accident. The defendant provided, inter alia, competent medical evidence establishing, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff provided competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical region of his spine constituted a serious injury within the meaning of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). He also provided a reasonable explanation for a cessation of his medical treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Abdelaziz v Fazel*, 78 AD3d 1086 [2010]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31718(U).]**