YOUNG CHOOL YOO, Appellant, v RUI DONG WANG, Respondent. [931 NYS2d 373]—

The Supreme Court erred in determining that the plaintiff did not plead any injuries with respect to his left shoulder in his bill of particulars. The plaintiff clearly alleged in his bill of particulars that he sustained hypertrophic acromioclavicular joint changes with encroachment upon the, supraspinatus tendon, which is found in the shoulder. Moreover, the plaintiff testified at his deposition that he injured his left shoulder as a result of the subject accident, and the defendant's examining orthopedic surgeon examined this region of the plaintiff's body when he examined the plaintiff on December 17, 2009, and reviewed the magnetic resonance imaging (hereinafter MRI) report of the plaintiff's "AC joint" as part of his preparation to examine the plaintiff. Therefore, the defendant cannot claim surprise in this case concerning the alleged injury to the plaintiff's left shoulder, since the defendant's own expert examined that region of the plaintiff's body.

The Supreme Court properly determined that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Giraldo v Mandanici, 24 AD3d 419 [2005]).

In opposition, however, the plaintiff raised a triable issue of fact through the affirmation of Dr. Benjamin Chang, the plaintiff's treating physician. In his affirmation, Dr. Chang concluded, based on his contemporaneous and most recent examinations of the plaintiff, which revealed significant limita-

tions in the lumbar regions of the plaintiff's spine and left shoulder, that the plaintiff's injuries were permanent. Dr. Chang opined that the plaintiff sustained a permanent consequential limitation of use and/or a significant limitation of use of those areas as a result of the subject accident. Thus, Dr. Chang's findings concerning the plaintiff were sufficient to raise a triable issue of fact as to whether, as a result of the subject accident, the plaintiff sustained a serious injury to the lumbar region of his spine and/or left shoulder under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) (see Dixon v Fuller, 79 AD3d 1094 [2010]; Gussack v McCoy, 72 AD3d 644 [2010]).

Contrary to the defendant's contention, the plaintiff adequately explained the cessation in his treatment in this case through his affidavit and the affirmation of Dr. Chang (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Khaimov v Jing Fan, 87 AD3d 1055 [2011]).

The defendant's contention that the plaintiff failed to address the issue of degeneration in the lumbar region of his spine raised by the defendant's radiology expert, Dr. Sondra Pfeffer, also is without merit. Dr. Chang concluded in his affirmation, based upon his review of the MRI of the lumbar region of the plaintiff's spine, as well as his examinations of the plaintiff, that the plaintiff's injuries were caused by the subject accident, and were not caused by degenerative disease. This was sufficient to address the issue of degeneration raised by the defendant's expert (see Tai Ho Kang v Young Sun Cho, 74 AD3d 1328, 1330 [2010]; Whitehead v Olsen, 70 AD3d 678 [2010]; Modeste v Mercier, 67 AD3d 871 [2009]). Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) should have been denied.

The plaintiff's contention concerning that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the defendant did not breach any duty to the plaintiff is not properly before this Court. That branch of the motion was not addressed by the Supreme Court and, thus, remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543 [1979]). Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.