■ Chun C. Johnson et al., Appellants, v Mario Cristino, Respondent. [936 NYS2d 275]—

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Hee Goo Kim, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly determined that the defendant met his prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Giraldo v Mandanici*, 24 AD3d 419 [2005]).

However, in opposition, the plaintiffs raised a triable issue of fact as to whether the plaintiff Hee Goo Kim sustained a serious injury within the meaning of Insurance Law § 5102 (d). In opposition to the defendant's motion, Kim relied on the affidavit of her treating physician, Dr. Sang Y. Lee. In his affidavit concerning Kim, Dr. Lee concluded, based upon his most recent examinations of her, which revealed significant limitations in the cervical and lumbar regions of her spine and right shoulder, that her injuries were permanent. Dr. Lee opined that she sustained a permanent consequential limitation of use and a significant limitation of use of those areas as a result of the subject accident. Thus, Dr. Lee's findings concerning Kim were sufficient to raise a triable issue of fact as to whether, as a result of the subject accident, she sustained a serious injury to the cervical and lumbar regions of her spine and right shoulder under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208 [2011]; *Young Chool Yoo v Rui Dong Wang*, 88 AD3d 991 [2011]; *Dixon v Fuller*, 79 AD3d 1094 [2010]; *Gussack v McCoy*, 72 AD3d 644 [2010]). Contrary to the Supreme Court's determination, Kim adequately addressed the issue of degeneration and preexisting injuries raised

by the defendant's experts, in the affidavit of Dr. Lee concerning Kim. Dr. Lee also explained the lengthy gap in Kim's treatment.

Contrary to the plaintiffs' assertions on appeal, the affidavit of Dr. Lee concerning the plaintiff Chun C. Johnson failed to raise a triable issue of fact as to whether that plaintiff sustained a serious injury to her right shoulder or right knee within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. On appeal, the plaintiffs contend that the affidavit of Dr. Lee concerning Johnson demonstrated significant limitations in right shoulder and right knee range of motion. We disagree. The limitations noted by Dr. Lee in his affidavit concerning Johnson were insignificant within the meaning of the no-fault statute (*see Licari v Elliott*, 57 NY2d 230, 236 [1982]). Mastro, A.P.J., Balkin, Dickerson and Chambers, JJ., concur.