■ TEAGUE BELLIARD et al., Appellants, v LEADER LIMOUSINE CORP. et al., Respondents. [942 NYS2d 591]—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated May 17, 2010, which granted the motions of the defendants Leader Limousine Corp. and Manuel A. Duran, and the separate motions of the defendants Barry M. Cohen and Jaime Vega, Jr., for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Leader Limousine Corp. and Manuel A. Duran, and the separate motion of the defendants Barry M. Cohen and Jaime Vega, Jr., which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Teague Belliard, and substituting therefor a provision denying those branches of the separate motions; as so modified, the order is affirmed, without costs or disbursements.

In opposition to the defendants' prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), the plaintiff Teague Belliard raised a triable issue of fact as to whether he

sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208 [2011]; *Johnson v Cristino*, 91 AD3d 604, 605 [2012]; *Young Chool Yoo v Rui Dong Wang*, 88 AD3d 991 [2011]). However, the plaintiff Alberto Sepulveda failed to raise a triable issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court erred in determining that the defendants were entitled to summary judgment dismissing the complaint insofar as asserted by Belliard against them, but properly determined that the defendants were entitled to summary judgment dismissing the complaint insofar as asserted by Sepulveda against them. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.