[998 NE2d 801, 976 NYS2d 1]

NANDKUMAR RAMKUMAR, Appellant, v GRAND STYLE TRANSPORTA-
TION ENTERPRISES INC. et al., Respondents. GRAND STYLE
TRANSPORTATION ENTERPRISES INC. et al., Third-Party
Plaintiffs-Respondents, v GEORGINA D. CASTILLO, Third-
Party Defendant-Respondent.

Argued September 12, 2013; decided October 15, 2013

**APPEARANCES OF COUNSEL**

*Law Office of Judah Z. Cohen, PLLC*, Woodmere (*Judah Z. Cohen* of counsel), for appellant.

*Burke, Gordon & Conway*, White Plains (*Ashley E. Sproat* of counsel), for Bisnath Bissessar and another, respondents.

*Mauro Lilling Naparty LLP*, Woodbury (*Matthew W. Naparty* and *Timothy J. O'Shaughnessy* of counsel), for Grand Style Transportation Enterprises Inc. and another, respondents.

*Michael Jaffe*, New York City, for New York State Trial Lawyers Association, amicus curiae.

*McGaw, Alventosa & Zajac*, Jericho (*Andrew Zajac, Dawn C. DeSimone, Seamus G. Flaherty* and *Jonathan T. Uejio* of counsel), and *James M. Begley*, New York City, for Defense Association of New York, Inc., amicus curiae.

*Marc D. Craw*, Albany, for New York Insurance Association, Inc., amicus curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the complaint reinstated.

The record raises a triable issue of fact as to whether plaintiff has offered "some reasonable explanation" for the cessation of physical therapy treatment for his injury (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). Plaintiff was asked at his deposition when he was last treated, and he replied that "they cut me off like five months." The Appellate Division held that a "bare assertion that insurance coverage for medically required treatment was exhausted is unavailing without any documentary evidence of such or, at least, an indication as to whether an injured claimant can afford to pay for the treatment out of his or her own funds" (94 AD3d 484, 485 [2012]).

We stated in *Pommells* that a plaintiff claiming "serious injury" within the meaning of the No-Fault Law "must offer some reasonable explanation" for terminating treatment (4 NY3d at 574). We did not require any particular proof regarding that explanation, although we recognized that there is "abuse of the No-Fault Law in failing to separate 'serious injury' cases, which may proceed to court, from the mountains of other auto accident claims, which may not" (*Pommells*, 4 NY3d at 571; *see Perl v Meher*, 18 NY3d 208, 214 [2011]).

The Appellate Division's requirement that plaintiff either offer documentary evidence to support his sworn statement that his no-fault benefits were cut off, or indicate that he could not afford to pay for his own treatment, is an unwarranted expansion of *Pommells*. Plaintiff testified at his deposition that "they" (which a reasonable juror could take to mean his no-fault insurer) cut him off, and that he did not have medical insurance at the time of the accident. While it would have been preferable for plaintiff to submit an affidavit in opposition to summary judgment explaining why the no-fault insurer terminated his

benefits and that he did not have medical insurance to pay for further treatment, plaintiff has come forward with the bare minimum required to raise an issue regarding "some reasonable explanation" for the cessation of physical therapy. Additionally, the *"qualitative* assessment of . . . plaintiff's condition" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]) rendered by the physician who performed arthroscopic surgery on plaintiff's knee was that plaintiff's meniscal tear injury was causally related to the car accident, and that the meniscus has permanently lost its stability with onset of scar tissue, instability, loss of range of motion, and pain, which plaintiff will have for the rest of his life.

On this record, summary judgment should not have been granted.

SMITH, J. (dissenting). "[T]he legislative intent underlying the No-Fault Law was to weed out frivolous claims and limit recovery to significant injuries" (*Dufel v Green*, 84 NY2d 795, 798 [1995]). Since the statute was enacted, false claims of "serious injury" have done much to undermine the legislative goal. A number of courts, including ours, have pointed out that the no-fault system is riddled with abuse (*see Matter of Medical Socy. of State of N.Y. v Serio*, 100 NY2d 854, 861 [2003] ["Between 1992 and 2001, reports of suspected automobile insurance fraud increased by 275%, the bulk of the increase occurring in no-fault insurance fraud"]; *Pommells v Perez*, 4 NY3d 566, 571 [2005] ["Abuse . . . abounds"]; *Perl v Meher*, 18 NY3d 208, 214 [2011] ["No-fault abuse still abounds today"]; *Fair Price Med. Supply Corp. v Travelers Indem. Co.*, 9 Misc 3d 76, 78 [App Term, 2d Dept, 2d & 11th Jud Dists 2005] ["the steep increase in fraudulent no-fault benefits claims"], *affd* 42 AD3d 277 [2d Dept 2007], *affd* 10 NY3d 556 [2008]; *id.*, 9 Misc 3d at 83 [Golia, J., dissenting] ["fraudulent claims are an ever increasing issue"]; *Metroscan Imaging P.C. v GEICO Ins. Co.*, 8 Misc 3d 829, 831-832 [Civ Ct, Queens County 2005] ["unfortunately well documented . . . deluge of fraudulent claims"]).

In an attempt to keep this problem under some sort of control, we have been less indulgent in the no-fault area than in many others in assessing the quality of proof needed to defeat a summary judgment motion where, as here, defendants have made a prima facie showing that a claim lacks merit. Thus, a plaintiff's own description of his or her symptoms is not enough; "we have required objective proof of a plaintiff's injury" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Indeed, even a

doctor's opinion is not enough unless it is supported "by an objective basis" (*id.* at 351). We have approved of the approach of courts who treat serious injury claims with "skepticism," and have said that "failure to grant summary judgment . . . where the evidence justifies dismissal, burdens court dockets and impedes the resolution of legitimate claims" (*Pommells*, 4 NY3d at 571-572).

It is true that even the most demanding approach cannot assure the summary dismissal of every baseless claim. If plaintiffs and their witnesses are willing to say under oath whatever they have to say to get past summary judgment, they will succeed in doing so, and then "the role of skeptic is properly reserved for the finder of fact, or for a court that . . . has factual review power" (*Perl*, 18 NY3d at 215). But we nevertheless can and should enforce stringent standards, to assure at least that the summary judgment threshold is not too easy to overcome.

In *Pommells*, we adopted a rule designed to make unjustifiable recoveries more difficult in so-called "gap in treatment" cases. The rule is that "a plaintiff who terminates therapeutic measures following the accident, while claiming 'serious injury,' must offer some reasonable explanation for having done so" (4 NY3d at 574). Today the majority dilutes this rule, finding that plaintiff's ambiguous and self-serving statement at his deposition—"they cut me off like five months"—is a sufficient "reasonable explanation." We should demand more than this.

If there is indeed a reasonable explanation for plaintiff's cessation of physical therapy, he should have had no trouble in offering much better proof of it. He could have submitted an affidavit in opposition to summary judgment, identifying his no-fault carrier, attaching a copy of the written communication, or describing the oral one, in which the carrier cut him off, and saying what, if any, reason the carrier gave. For all that appears in this record, the carrier might have refused to continue paying for therapy because it did not think plaintiff had an injury serious enough to justify it. Plaintiff could also have said in an affidavit, if he could truthfully do so, that he did not have other insurance or other resources that would cover the cost of treatment.

In declining to impose these simple requirements—all of which a plaintiff with a real explanation for a gap in treatment should find easy to meet—the majority lowers the barriers that courts have erected against baseless no-fault claims. I therefore dissent.

Chief Judge LIPPMAN and Judges GRAFFEO, PIGOTT, RIVERA and ABDUS-SALAAM concur; Judge SMITH dissents in an opinion in which Judge READ concurs.

Order reversed, with costs, and the complaint reinstated, in a memorandum.