In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated October 18, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
The defendants met their prima facie burden of showing that *854 the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff’s spine were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]) and, in any event, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]).
In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine that were caused by the subject accident (see Perl v Meher, 18 NY3d 208, 215-218 [2011]). Thus, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.