■ GEORGIANA GRIGORE, Appellant, v NICHOLAS KOUROUNIS et al., Respondents. [975 NYS2d 913]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated June 13, 2012, which granted the motion of the defendants Edgar E. Ozuna and Royal Monger Transportation for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and, in effect, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the nonmoving defendants, Nicholas Kourounis, Juan Sebastian Rodriguez, and Andres Garces.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated in its entirety.

The moving defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). They submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that the alleged injuries to the plaintiff's left wrist, right knee, and right ankle were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

However, the plaintiff, in opposition, raised triable issues of fact as to whether the alleged injuries to her left wrist, right knee, and right ankle were caused by the accident, and whether the alleged injuries to the cervical and lumbar regions of her spine constituted serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]; *Mazo v Wolofsky*, 9 AD3d 452 [2004]; *see also Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905 [2013]).

Accordingly, the Supreme Court should have denied the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and should not have, in effect, searched the record to award summary judgment to the nonmoving defendants. Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.