■ GEORGE WILL, Appellant, v MARIA POTOCKA et al., Respondents. [983 NYS2d 96]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dufficy, J.), dated April 30, 2013, which granted the defendants' motion for summary judgment dismissing the

complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's right shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that, in any event, this alleged injury was not caused by the accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained a serious injury to his right shoulder and whether that alleged injury was caused by the accident (*see Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905, 906-907 [2013]; *Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.