Lynch v DiFilippi (2019 NY Slip Op 04371)





Lynch v DiFilippi


2019 NY Slip Op 04371


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10964
 (Index No. 2000/15)

[*1]Erin M. Lynch, appellant,
v
James J. DiFilippi, et al., respondents.


Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Martyn & Martyn, Mineola, NY (Joseph Aufenanger of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered August 23, 2017. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries and injury to property allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
On appeal, the plaintiff does not dispute the Supreme Court's determination that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957; see also Sylvain v Maurer, 165 AD3d 1203, 1204).
However, the plaintiff correctly contends that in opposition, she raised a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) as a result of the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208, 217-219).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court