Kim v Pineda (2019 NY Slip Op 08182)





Kim v Pineda


2019 NY Slip Op 08182


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-06479
 (Index No. 604978/16)

[*1]Jennifer Kim, appellant,
v
Willie Pineda, et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered April 12, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on July 12, 2013. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered April 12, 2018, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
On appeal, the plaintiff does not raise any arguments relating to the Supreme Court's determination that the defendants met their prima facie burden of showing that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Sylvain v Maurer, 165 AD3d 1203, 1204).
However, as the plaintiff argues on appeal, the plaintiff in opposition to the motion raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), and as to whether these alleged injuries were caused by the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208, 217-219; Jilani v Palmer, 83 AD3d 786, 787).
Accordingly, we disagree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court