Renelique v Ashley (2021 NY Slip Op 00319)





Renelique v Ashley


2021 NY Slip Op 00319


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-09447
 (Index No. 609402/17)

[*1]Astrel Renelique, appellant,
v
Willie J. Ashley, Jr., respondent.


Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered July 11, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident that occurred on October 25, 2014. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Sylvain v Maurer, 165 AD3d 1203, 1204).
Contrary to the defendant's contention, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine and to his left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), and as to whether these alleged injuries were caused by the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208, 217-219; Jilani v Palmer, 83 AD3d 786, 787).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court