Rivera v Ramirez (2022 NY Slip Op 03135)

Rivera v Ramirez

2022 NY Slip Op 03135

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-11638
 (Index No. 3700/16)

[*1]Luis Rivera, appellant, 
v
Roberto Ramirez, defendant, Abdoul M. Kone, respondent.

Harmon, Linder & Rogowsky (Mitchell Drano, Sea Cliff, NY, of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Robert D. Grace, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered June 27, 2019. The order, insofar as appealed from, granted the motion of the defendant Abdoul M. Kone for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Abdoul M. Kone for summary judgment dismissing the complaint insofar as asserted against him is denied.
In March 2016, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in connection with a motor vehicle accident on March 21, 2015. The defendant Abdoul M. Kone (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered June 27, 2019, the Supreme Court, inter alia, granted the defendant's motion, and the plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Sylvain v Maurer, 165 AD3d 1203, 1204).
Contrary to the defendant's contention, the plaintiff raised triable issues of fact as to whether he sustained a serious injury to the lumbar region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), and as to whether this alleged injury was caused by the accident (see Ramkumar v Grand [*2]Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208, 217-219; Renelique v Ashley, 190 AD3d 871, 872; Sylvain v Maurer, 165 AD3d at 1204).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court