Holloman v Glover (2022 NY Slip Op 03234)

Holloman v Glover

2022 NY Slip Op 03234

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-11848
 (Index No. 11328/14)

[*1]Charles Holloman, appellant,
v
Tieraney D. Glover, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Mitchell Studley (Law Office of Richard M. Sands, P.C., Rockville Centre, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 6, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on December 9, 2013. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated August 6, 2019, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that, in any event, the alleged injury was not caused by the accident (see Jilani v Palmer, 83 AD3d 786, 787).
In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the lumbar region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), and as to whether the alleged injury was caused by the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208, 217-219).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court