Rodriguez v Frederick (2022 NY Slip Op 03756)

Rodriguez v Frederick

2022 NY Slip Op 03756

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-00638
 (Index No. 603123/17)

[*1]Maximo Rodriguez, appellant,
v
Aaron Frederick, et al., respondents.

Ikhilov & Associates, Brooklyn, NY (Erik Ikhilov and Maya Vax of counsel), for appellant.
Martin Fallon & Mullé, Huntington, NY (Richard C. Mullé, Michael Ross, and Michael Jones of counsel), for respondent Aaron Frederick.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for respondent Frank Electric Corp., Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated December 31, 2019. The order granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident that occurred on September 3, 2014. The defendants, Aaron Frederick and Frank Electric Corp., Inc., separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 31, 2019, the Supreme Court granted the defendants' separate motions, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left knee did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that, in any event, the alleged injury was not caused by the accident (see Jilani v Palmer, 83 AD3d 786, 787).
In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained a serious injury to his left knee under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), and whether the alleged injury was caused by the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208, 217-219).
Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court