Tuba v Hersch (2023 NY Slip Op 04681)

Tuba v Hersch

2023 NY Slip Op 04681

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-04502
 (Index No. 58203/19)

[*1]Fanny C. Tuba, et al., appellants, 
v
Briana F. Hersch, et al., respondents, et al., defendants.

Scarcella Law Offices, White Plains, NY (M. Sean Duffy of counsel), for appellants.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated April 9, 2021. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment against the defendants Briana F. Hersch, Julie Anne Farrar-Hersch, and Lee E. Hersch on the issue of whether the plaintiff Fanny C. Tuba sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Fanny C. Tuba, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The plaintiffs moved, inter alia, for summary judgment against the defendants Briana F. Hersch, Julie Anne Farrar-Hersch, and Lee E. Hersch (hereinafter collectively the defendants) on the issue of whether Tuba sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated April 9, 2021, the Supreme Court, among other things, denied that branch of the plaintiffs' motion. The plaintiffs appeal.
The plaintiffs met their prima facie burden of showing that Tuba sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The plaintiffs demonstrated, prima facie, that Tuba sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d). The defendants, however, raised triable issues of fact as to whether Tuba's injuries were degenerative in nature and not caused by the accident (see generally Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208, 217-219).
Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment against the defendants on the issue of whether Tuba sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court