Polight v Martin (2025 NY Slip Op 02232)

Polight v Martin

2025 NY Slip Op 02232

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-01531
 (Index No. 513418/21)

[*1]Eric Polight, et al., respondents, 
v
Jason Martin, et al., appellants.

Raven & Kolbe, LLP, New York, NY (Anna Schuelein of counsel), for appellants.
Louis C. Fiabane, New York, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated October 30, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the vehicular collision.
ORDERED that the order is affirmed, with costs.
In June 2021, the plaintiffs, Eric Polight, Stanley Green, and Yasmin Tempro, commenced this action against the defendants to recover damages for personal injuries that they alleged they sustained in July 2020, when a vehicle owned and operated by the defendants collided with a vehicle occupied by the plaintiffs. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the collision. The plaintiffs opposed. In an order dated October 30, 2023, the Supreme Court denied the defendants' motion. The defendants appeal. We affirm.
The defendants failed to establish, prima facie, that Polight and Green did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the collision (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants did not submit competent medical evidence establishing, prima facie, that Polight and Green did not each sustain a serious injury to the cervical and lumbar regions of their spines under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735, 735; Melika v Caraballo, 187 AD3d 1173, 1173).
Although the defendants demonstrated, prima facie, that Tempro did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), in opposition, the plaintiffs raised a triable issue of fact as to whether Tempro sustained serious injuries to the cervical and lumbar regions of her spine under the significant limitation of use category (see Perl v Meher, 18 NY3d 208).
Further, although the defendants established, prima facie, that each of the plaintiffs' injuries were preexisting, chronic, and degenerative in nature and not caused by the collision (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950), in opposition, the plaintiffs raised a triable issue of fact as to whether the alleged injuries were caused by the collision (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208).
Contrary to the defendants' contention, the plaintiffs' testimony at their depositions that their no-fault benefits were terminated provided an adequate explanation for their gaps in treatment (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d at 906-907; Pacannuayan v New York City Tr. Auth., 231 AD3d 1164, 1165).
The parties' remaining contentions are either without merit or need not be reached in light of our determination.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court