Nera v Kpokou (2025 NY Slip Op 04911)

Nera v Kpokou

2025 NY Slip Op 04911

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-10154
 (Index No. 712165/20)

[*1]Alix Nera, appellant, 
vArchille Kpokou, et al., respondents.

Boyko & Associates, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered August 14, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered August 14, 2024, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). Moreover, contrary to the plaintiff's contention, the defendants' medical evidence also established, prima facie, that the alleged injuries to the plaintiff's left shoulder and to the cervical and lumbar regions of the plaintiff's spine were degenerative in nature and not caused by the accident (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811).
In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to his left shoulder and to the cervical and lumbar regions of his spine [*2]under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) and whether the alleged injuries were caused by the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208). Contrary to the defendants' contentions, the plaintiff's expert adequately addressed degeneration and raised a triable issue of fact as to whether the plaintiff's injuries were caused by the accident (see Pacannuayan v New York City Tr. Auth., 231 AD3d 1164, 1165; Johnson v Cristino, 91 AD3d 604, 606; Park v Shaikh, 82 AD3d 1066, 1067). Finally, the plaintiff's affidavit submitted in opposition to the defendants' motion adequately explained his gap in treatment. The plaintiff averred that he stopped treatment because his no-fault benefits were terminated and he could no longer afford to pay for treatment (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d at 906-907; Pacannuayan v New York City Tr. Auth., 231 AD3d at 1165; Abdelaziz v Fazel, 78 AD3d 1086, 1086).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court