*57 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, plaintiffs motion for summary judgment granted and matter remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees.
In this action to recover first-party no-fault benefits for medical services rendered to its assignor, plaintiff health care provider established a prima facie entitlement to summary judgment by proof that it submitted the statutory claim form setting forth the fact and the amount of the loss sustained and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Mise 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]; A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]).
In opposition to plaintiff’s motion, defendant failed to raise triable issues of fact. Defendant denied plaintiff’s claim on the ground that plaintiff’s assignor failed to appear for examinations under oath (EUOs). The revised insurance regulations, which took effect on April 5, 2002, include EUOs in the mandatory personal injury protection endorsement, providing that an eligible injured person submit to EUOs “as may reasonably be required” (11 NYCRR 65-1.1 [d]). It is uncontroverted that plaintiff’s claim was submitted subsequent to April 5, 2002. However, “[Consistent with the Insurance Department’s interpretation of the new regulation, which is entitled to great deference . . . the insurer must include the revised prescribed endorsement with new or renewal policies issued on or after April 5, 2002, and the claim rules are to be governed by the policy endorsement in effect” (S & M Supply v State Farm Mut. Auto. Ins. Co., 4 Misc 3d 130[A], 2004 NY Slip Op 50693[U], *2 [App Term, 9th & 10th Jud Dists 2004]). In the instant case, defendant’s submissions failed to establish in the first instance that the insurance policy contained an endorsement authorizing EUOs (see S & M Supply Inc. v Lancer Ins. Co., 4 Misc 3d 131[A], 2004 NY Slip Op 50695DJ] [App Term, 9th & 10th Jud Dists 2004]). Accordingly, plaintiff’s failure to appear for EUOs cannot constitute a basis for denial of the claim.
*58 Therefore, plaintiff’s motion for summary judgment should have been granted, and the matter is remanded for the calculation of statutory interest and attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Pesce, P.J., Patterson and Rios, JJ., concur.