OPINION OF THE COURT
Genine D. Edwards, J.
*951 At the outset of this trial to recoup no-fault benefits, the parties stipulated that plaintiffs prima facie case was established, the defendant’s denial of claim forms were mailed on the date indicated on each denial, the peer review report and the documents reviewed were in evidence, and that the defendant’s witness was an expert. The defendant proffered the testimony of its peer review physician, John E Russo, D.C.; the plaintiff did not proffer any witnesses.
After the bench trial of this matter, in conjunction with a case with the index number 19685/06, regarding assignor Connie Brady, this court, via correspondence dated August 7, 2007, required the parties to submit posttrial memoranda with respect to plaintiff’s motion in limine regarding the time for scheduling an examination under oath. Plaintiffs memorandum was due on September 11, 2007 and defendant’s memorandum was due on October 11, 2007. Plaintiff failed to provide a memorandum, therefore the defendant did not provide a memorandum, but instead requested that plaintiffs motion in limine be denied for failure to comply with this court’s briefing schedule.
The plaintiff orally argues that the defendant’s request for an examination under oath did not toll defendant’s time to pay or deny plaintiffs claims because the examination under oath was scheduled more than 30 days after receipt of the claim. Plaintiff relies on Insurance Department Regulations (11 NYCRR) § 65-3.5 (d) and S & M Supply v State Farm Mut. Auto. Ins. Co. (4 Misc 3d 130[A], 2004 NY Slip Op 50693[U] [App Term, 9th & 10th Jud Dists 2004]). Defendant counters that Regulations § 65-3.5 (d) only relates to medical examinations, while subdivision (e) instructs as to examinations under oath. The defendant argues that subdivision (e) does not direct a date certain or a specific time to schedule the examination under oath; the subdivision only discusses a reasonable time and place for such examination.
After due deliberation of the evidence and arguments asserted, this court finds that the plaintiffs contentions are correct. Although case law directly on point could not be found, this court must be guided by the legislative intent to resolve no-fault matters expeditiously. (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co. (90 NY2d 274 [1997]; Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2d Dept 2006]; New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429 [2d Dept 2004]; Fair Price Med. Supply Corp. v Travelers Indem. Co., 9 Misc 3d 76 [App Term, *952 2d & 11th Jud Dists 2005]; Metropolitan Radiological Imaging v State Farm Mut. Auto. Ins. Co., 7 Misc 3d 675 [Civ Ct, Queens County 2005].) Therefore, the defendant was bound to conduct the examinations under oath within the same time period imposed for the medical examinations, to wit, “within 30 calendar days from the date of receipt of the prescribed verification forms.” (11 NYCRR 65-3.5 [d]; Capio Med., P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 129[A], 2005 NY Slip Op 50526[U] [App Term, 2d & 11th Jud Dists 2005]; S & M Supply, supra.)
However, the plaintiff failed to offer any evidence as to when it received the verification forms. Thus, this court cannot determine whether the examinations were scheduled within the requisite time period. Therefore, plaintiffs motion is denied.
Since the parties stipulated that plaintiffs prima facie case was established, the defendant now has the burden of producing the existence of a material issue of fact. The defendant fails at its burden. There is not one scintilla of evidence to prove that the defendant timely mailed the verification requests. (Mega Supply & Billing, Inc. v AIU Ins. Co., 15 Misc 3d 132[A], 2007 NY Slip Op 50687DJ] [App Term, 2d & 11th Jud Dists 2007]; Wei Wei Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 14 Misc 3d 144[A], 2007 NY Slip Op 50394[U] [App Term, 2d & 11th Jud Dists 2007]; Oleg Barshay, D.C., P.C. v State Farm Ins. Co., 14 Misc 3d 74 [App Term, 2d & 11th Jud Dists 2006]; Dilon Med. Supply Corp. v State Farm Mut. Auto. Ins. Co., 13 Misc 3d 141 [A], 2006 NY Slip Op 52266[U] [App Term, 2d & 11th Jud Dists 2006]; Fair Price Med. Supply Corp. v General Assur. Co., 6 Misc 3d 137[A], 2005 NY Slip Op 50256[U] [App Term, 2d & 11th Jud Dists 2005].) Hence, defendant’s time to pay or deny the plaintiffs claims was never tolled.
Assuming, arguendo, that the defendant met its initial burden of timely mailing, this court finds that the defendant’s expert’s testimony was unpersuasive. Dr. Russo testified that the equipment was not against accepted medical protocol, but he would not have recommended the equipment in these cases. This evidence fails to prove that the durable equipment prescribed to Debra and Connie Brady was not medically necessary.
Accordingly, judgment is in favor of the plaintiff in the amount of $822 for each case, as well as statutory interest and attorney’s fees.