OPINION OF THE COURT
Peter P. Sweeney, J.
*555 In this action to recover assigned first-party no-fault benefits, on January 31, 2008 the parties agreed to a trial on stipulated facts and to the admission into evidence of various exhibits. The question presented is whether the failure of plaintiffs assignor to appear for an examination under oath (EUO) constituted a valid basis for denial of the claim. For the reasons that follow, the court answers this question in the negative.
Factual Background
Plaintiff All-Boro Medical Supplies, Inc. submitted a claim to defendant Progressive Northeastern Insurance Company for first-party no-fault benefits in the amount of $442.50 for durable medical equipment that it had provided to its assignor, Tony Stringer. Defendant received the claim on February 14, 2005. The motor vehicle accident in which Mr. Stringer was allegedly injured occurred on January 5, 2005.
On January 28, 2005, before it received the claim, defendant had sent Mr. Stringer a letter directing him to appear for an EUO on April 21, 2005. Mr. Stringer failed to appear for the EUO on that date. On April 22, 2005 defendant sent a second letter to Mr. Stringer, rescheduling the EUO for May 3, 2005. Again, Mr. Stringer failed to appear. On May 18, 2005 defendant denied the claim on the ground that Mr. Stringer failed to appear for the EUO.
Discussion
As a condition to coverage under the revised Personal Injury Protection Endorsement, which is required to be included in automobile insurance policies issued or renewed after April 5, 2002, “the eligible injured person . . . shall... as may reasonably be required submit to examinations under oath by any person named by the [insurer] and subscribe the same” (Insurance Department Regulations [11 NYCRR] § 65-1.1 [d] [Sec I, Conditions, Proof of Claim (b)]). Inasmuch as the policy period for newly issued and renewed automobile insurance policies is one year (Insurance Law § 3425 [a] [8]), it can be assumed that the automobile insurance policy applicable in this case contained the endorsement since the underlying motor vehicle accident occurred after April 2003 (see Eagle Chiropractic, P.C. v Chubb Indem. Ins. Co., 19 Misc 3d 129[A], 2008 NY Slip Op 50525[U] [App Term, 9th & 10th Jud Dists 2008]).
Another condition to coverage under the endorsement is that an “eligible injured person shall submit to medical examination *556 by physicians selected by, or acceptable to, the [insurer], when, and as often as, the [insurer] may reasonably require” (11 NYCRR 65-1.1 [d] [Sec I, Conditions, Proof of Claim]). In Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co. (35 AD3d 720, 721 [2d Dept 2006]), the Court interpreted this language to mean that an insurer may require an eligible injured person to appear for a medical examination either “before the claim form is submitted or after the claim form is submitted.” The court stated that such interpretation furthers “the policies underlying no-fault insurance, including, inter alia, the expeditious processing of claims” (35 AD3d at 722 [citations omitted]). There is no reason to apply a different rule to EUOs.
The court thus finds that defendant acted within its rights under the endorsement in scheduling an EUO of Mr. Stringer before it had received the claim. Indeed, had the defendant not received the claim form on February 14, 2005, Mr. Stringer’s failure to appear for the EUO would have constituted a valid ground for denying the claim “retroactively to the date of loss” (35 AD3d at 722). While this court agrees that when an EUO is requested as additional verification of a claim, the insurer is required to schedule the EUO within the same time period as medical examinations, to wit, within 30 calendar days from the date of receipt of the prescribed verification form (see All-Boro Med. Supplies, Inc. v Progressive Northeastern Ins. Co., 17 Misc 3d 950, 952 [Civ Ct, Kings County 2007, Edwards, J.]; see also S & M Supply v State Farm Mut. Auto. Ins. Co., 4 Misc 3d 130[A], 2004 NY Slip Op 50693[U] [App Term, 9th & 10th Jud Dists 2004]), there is no such requirement for the scheduling of preclaim EUOs.
While defendant acted within its rights under the endorsement in scheduling Mr. Stringer for a preclaim EUO for April 21, 2005, once defendant received the claim from the plaintiff, the defendant was required to adhere to the statutory and regulatory scheme for the processing of no-fault claims. Thus, defendant was required to pay or deny the claim within 30 calendar days of its receipt (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278 [1997]) or request additional verification of the claim (11 NYCRR 65-3.5). Generally, a request for additional verification of a claim must be made within 15 business days of receipt of one of the prescribed verification forms (see 11 NYCRR 65-3.5 [b]). Where an insurer makes a *557 timely and proper request for additional verification, the 30-day period in which it has to either pay or deny a claim does not begin to run until all demanded verification has been provided (11 NYCRR 65-3.8 [a] [1]).
Here, while defendant had already scheduled Mr. Stringer’s EUO for April 21, 2005 before it had received the claim, if defendant insisted upon conducting the EUO before deciding whether to pay or deny the claim, it had no choice but to reschedule the EUO to a date within 30 calendar days from February 14, 2005, the date it received the claim (see All-Boro Med. Supplies, Inc., supra; S & M Supply, supra). As a matter of law, by failing to reschedule the EUO, defendant could not assert Mr. Stringer’s failure to appear for the EUO as its basis to deny the claim (see King’s Med. Supply Inc. v Kemper Auto & Home Ins. Co., 7 Misc 3d 128[A], 2005 NY Slip Op 50450[U] [App Term, 2d & 11th Jud Dists 2005]; Ocean Diagnostic Imaging P.C. v Allstate Ins. Co., 10 Misc 3d 145[A], 2006 NY Slip Op 50140[U] [App Term, 2d & 11th Jud Dists 2006]).
Since plaintiff established its entitlement to judgment as a matter of law by demonstrating that the necessary billing documents were mailed to and received by the defendant and that payment of the no-fault benefits was overdue (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742, 742-743 [2d Dept 2004]; New York & Presbyt. Hosp. v Countrywide Ins. Co., 44 AD3d 729, 730 [2d Dept 2007]) and defendant has failed to establish a viable defense to the action, it is hereby ordered that judgment be entered in favor of the plaintiff in the amount of $442.50, together with interest and attorneys fees pursuant to Insurance Law § 5106 and regulations promulgated thereunder, plus costs and disbursements.