OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint, asserting, inter alia, that plaintiff failed to establish its prima facie entitlement to summary judgment and that the complaint should be dismissed because the assignor failed to appear at scheduled examinations under oath (EUOs). By order entered August 10, 2007, the court below denied plaintiffs motion and granted defendant’s cross motion, finding that plaintiff did not comply with defendant’s verification requests. As limited by its brief, plaintiff appeals from so much of the order as granted defendant’s cross motion for summary judgment dismissing the complaint. Plaintiff contends, inter alia, that defendant did not comply with the EUO scheduling regulations since the initial EUO was not scheduled within 30 days of defendant’s receipt of plaintiffs claim.
It is uncontroverted that the accident occurred on April 3, 2005, and defendant issued a denial form, dated September 7, 2005, which stated, inter alia, that defendant received the claim on May 18, 2005, and that it was being denied because the assignor failed to attend scheduled EUOs.
In 1974, Department of Insurance Regulation 68 (11 NYCRR part 65), implementing New York’s No-Fault Law, was first promulgated. Effective April 5, 2002, Regulation 68 was revised, and the pertinent part of the revised Regulation 68-C (Insurance Department Regulations [11 NYCRR] § 65-3.5 [d]) stated that if “the additional verification required by the insurer is an examination under oath or a medical examination, the insurer shall schedule the examination to be held within 30 calendar days from the date of receipt of the prescribed verification forms” (emphasis added). However, on April 11, 2002, the Insurance Department promulgated an emergency first amendment to the revised Regulation 68, effective April 5, 2003, which deleted the phrase “an examination under oath or” from Regulation 68-C *51 (Insurance Department Regulations [11 NYCRR] § 65-3.5 [d]). Although there were subsequent amendments to Regulation 68-C in 2004 and 2007, the deleted language was never reinstated. The Insurance Department’s decision to delete the foregoing phrase and its subsequent decision not to reinstate such deleted language is a clear indication that such phrase’s “exclusion was intended” (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 285 [1997]; cf. S&M Supply v State Farm Mut. Auto. Ins. Co., 4 Misc 3d 130[A], 2004 NY Slip Op 50693[U] [App Term, 9th & 10th Jud Dists 2004] [decided under the April 5, 2002 regulation]; contra All-Boro Med. Supplies, Inc. v Progressive Northeastern Ins. Co., 20 Misc 3d 554 [Civ Ct, Kings County 2008]; All-Boro Med. Supplies, Inc. v Progressive Northeastern Ins. Co., 17 Misc 3d 950 [Civ Ct, Kings County 2007]).
Notwithstanding the foregoing, insurers may not employ red tape dilatory practices and schedule EUOs in an unreasonable manner. The Insurance Department Regulations require that verification proceed “as expeditiously as possible” (Insurance Department Regulations [11 NYCRR] § 65-3.2 [c]; see also State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d at 285; Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006]).
A review of the record indicates that defendant demonstrated that the insurance policy in effect when the EUOs were sought contained an endorsement authorizing such verification (cf. Capio Med., P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 129[A], 2005 NY Slip Op 50526[U] [App Term, 2d & 11th Jud Dists 2005]; Star Med. Servs. P.C. v Eagle Ins. Co., 6 Misc 3d 56 [App Term, 2d & 11th Jud Dists 2004]). Defendant established that the EUO scheduling letters were timely mailed, on May 25, 2005 and July 5, 2005 (see Insurance Department Regulations [11 NYCRR] § 65-3.5 [b]; § 65-3.6 [b]), by setting forth the standard office practices or procedures used to ensure that such items are properly addressed and mailed (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; Delta Diagnostic Radiology, P.C. v Chubb Group of Ins., 17 Misc 3d 16 [App Term, 2d & 11th Jud Dists 2007]). The date selected for the initial EUO, June 27, 2005, was not unreasonable, and defendant established that the assignor failed to appear at the scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d at 722). Plaintiffs remaining *52 contentions are either improperly raised for the first time on appeal or lack merit.
Accordingly, the court below properly granted defendant summary judgment dismissing the action as premature inasmuch as plaintiffs claims were not overdue (see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492 [2005]).
Pesce, EJ., Rios and Steinhardt, JJ., concur.