OPINION OF THE COURT
Katherine A. Levine, J.
This case raises anew the seemingly irreconcilable tensions that arise from treating an examination before trial (EUO) as *285 both a condition precedent to coverage and as part of the verification procedures. It appears that no court has ruled upon whether an insurance company can issue a denial beyond the 30 day period for failure to appear for an EUO when the insurance company itself has failed to comply with the time lines specified in the verification procedures. This matter was submitted on the issue of whether an insurance company must schedule an EUO of the provider, pursuant to 11 NYCRR 65-3.5 (b), within 15 business days after it completes the assignor’s EUO, and what are the ramifications that flow from a late request for an additional EUO.
Plaintiff Prestige Medical P.C. (plaintiff, provider, or Prestige), a medical provider, brought this action for $2,423.58 for medical services it provided to its assignor Khalil Abdullah (assignor or Abdullah). After the EUO of the assignor was held on February 14, 2012, defendant Travelers Home and Marine Insurance Company (defendant, insurer, or Travelers), by letter dated March 13, 2012, requested an EUO of the provider, and thereafter scheduled the EUO for April 3, 2012. After the provider failed to appear, Travelers issued a follow-up letter, dated April 3, 2012, which rescheduled the EUO for April 23, 2012. After the provider again failed to appear, Travelers issued a denial dated May 9, 2012, based upon the provider’s EUO no-show.
Defendant moves for summary judgment based upon the plaintiff’s EUO no-show and outstanding verification. Plaintiff cross-moves for summary judgment on the grounds that the defendant failed to send out a scheduling letter to the provider for an EUO within 15 business days after holding the EUO of the assignor, as mandated by 11 NYCRR 65-3.5 (b).
In Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC (82 AD3d 559 [1st Dept 2011]), the First Department held that a failure to attend an EUO (or independent medical exam [IME]) is a violation of a condition precedent to coverage which vitiates the policy. The First Department reasoned that since failure to appear for an EUO (or IME) cancels the contract as if there was no coverage in the first instance, an insurer could deny all claims retroactively to the date of loss and outside of the 30 day deadline in which to issue a denial. This court has followed Neomy Med., P.C. v American Tr. Ins. Co. (31 Misc 3d 1208[A], 2011 NY Slip Op 50536[U] [Civ Ct, Kings County 2011]; see also Tarnoff Chiropractic, P.C. v *286 GEICO Ins. Co., 35 Misc 3d 1213[A], 2012 NY Slip Op 50670[U] [Nassau Dist Ct 2012] [court within Second Department follows Unitrin holding that denial need not be timely]).
The Second Department has also recognized that failure to comply with the insurance policy’s requirement to submit to an EUO or IME “is a material breach of the policy, precluding recovery of the policy proceeds.” (Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2d Dept 2014], citing to Unitrin.) However, the Appellate Term, Second Department, while noting the Uni-trin decision, still appears to hold that failure to appear for an EUO or IME is a precludable defense. (Clinton Place Med., P.C. v New York Cent. Mut. Fire Ins. Co., 43 Misc 3d 127[A], 2014 NY Slip Op 50472 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Clinton Place Med., P.C. v New York Cent. Mut. Fire Ins. Co., 43 Misc 3d 126[A], 2014 NY Slip Op 50468[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014].)
As cogently noted by the Honorable Fred J. Hirsh in Tarnoff, “[a]n EUO is a hybrid between a condition precedent to coverage and verification” (2012 NY Slip Op 50670[U], *5). Most of the provisions relating to EUOs are contained in regulations relating to verification. (Id.) see 11 NYCRR 65-3.5.) Nor does the insurer have an “unfettered right to request an EUO,” as it must have both an objective basis and justification for requesting it. (Id.)
To that end, this court holds that before an insurance company can take advantage of denying the claim beyond the 30 day period pursuant to Unitrin, it must first comply with the notification time lines contained in the verification procedures. 11 NYCRR 65-3.5 (b) authorizes an insurer to request “any additional verification required ... to establish proof of claim . . . within 15 business days of receipt of the prescribed verification forms” (i.e., the completed application for no-fault benefits [N-F 2 form]) (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 299 [2007]). By properly requesting this additional verification within 15 business days from receipt of the proof of claim form, an insurer may toll the 30 day period in which it must deny the claim. (Prime Psychological Servs., P.C. v Nationwide Prop. & Cas. Ins. Co., 24 Misc 3d 230, 233 [Civ Ct. Richmond County 2009]; see Psych. & Massage Therapy Assoc., PLLC v Progressive Cas. Ins. Co., 5 Misc 3d 723, 724 [Civ Ct. Queens County 2004], citing 11 NYCRR former 65.15 [d] [1].) If the requested verification has not been supplied to the insurer within 30 days after the origi *287 nal request, the insurer shall, within 10 days, follow up upon its request for verification either by a telephone call or by mail. (11 NYCRR 65-3.6 [b].)
The insurance regulations provide for EUOs and IMEs as part of an insurer’s “entitlement to ‘additional verification’ following the insurer’s receipt of a provider’s statutory claim forms.” (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18, 19 [App Term, 2d Dept, 2d & 11th Jud Dists 2004], affd in part 35 AD3d 720 [2006].) Section 65-3.5 (d) provides that if the additional verification required by the insurer is a medical examination, it must be scheduled within 30 days from date of receipt of the prescribed verification forms. {See Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18, 19 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]; see also Prime Psychological, 24 Misc 3d at 233; All-Boro Med. Supplies, Inc. v Progressive Northeastern Ins. Co., 20 Misc 3d 554 [Civ Ct, Kings County 2008]; Lumbermens Mut. Cas. Co. v Inwood Hill Med., P.C., 8 Misc 3d 1014[A], 2005 NY Slip Op 51101[U] [Sup Ct, NY County 2005].) Where an EUO is requested as additional verification, an insurer must schedule it within a reasonable time frame and as “expeditiously as possible.” (Eagle Surgical Supply, Inc. v Progressive Cas. Ins. Co., 21 Misc 3d 49, 51 [App Term, 2d Dept, 2d & 11th Jud Dists 2008].) An insurer that conducts an EUO has 30 days from the date the EUO is conducted to pay or deny the claim. (Tarnoff, 2012 NY Slip Op 50670, *11, *12; see 11 NYCRR 65-3.8 [a] [1].)
After the EUO of the assignor was conducted on February 14, 2012, the insurer did not issue a letter requesting an EUO of the provider until March 13, 2012, some 28 calendar days, or 19 business days after the EUO had been conducted. When the provider failed to appear for the scheduled April 3, 2012 EUO, the insurer, on that same day, issued a follow-up letter rescheduling the EUO for April 23, 2012. After the provider again failed to appear, Travelers issued a denial dated May 9, 2012 based upon the provider’s EUO no-show.
This court rules that since defendant failed to abide by the 15 day time frame in which to request additional verification in the form of an additional EUO, as required by 11 NYCRR 65-3.5 (b), it forfeited its right to issue an untimely denial as permitted by the Unitrin decision. The other ramification of Travelers’ untimely request for an additional EUO is the reduction of its time in which to issue its denial after the provider failed to appear for the rescheduled EUO on April 23, 2012.
*288 In Nyack Hosp. v General Motors Acceptance Corp. (8 NY3d at 300), the Court of Appeals found that per 11 NYCRR 65-3.8 (j), any deviation from the rules governing verification shall reduce the 30 calendar day period in which an insurer can deny the claim. 11 NYCRR 65-3.8 (1) provides that “[f]or the purposes of counting the 30 calendar days . . . , with the exception of section 65-3.6 [follow-up requirements] . . . , any deviation from the rules set out in this section shall reduce the 30 calendar days allowed.” Since Travelers requested the EUO of the provider 19 days, rather than within 15 days after the EUO of the assignor had been held, its time in which to issue a denial is reduced by four days. Travelers therefore had 26 days from April 23, 2012, or until May 19th, in which to issue a denial. Travelers issued a timely denial on May 9, 2012. Accordingly, Traveler’s motion for summary judgment is granted and the plaintiff’s cross motion for summary judgment is denied.