OPINION OF THE COURT
Katherine A. Levine, J.
The novel issue presented is whether a no-fault insurer must request examinations under oath (EUOs) of all conceivable entities within 15 business days of receipt of a written notice of claim, as provided in 11 NYCRR 65-3.5 (b), or whether its 15 days in which to request an EUO starts anew after it completes one EUO and discovers the need for an additional EUO of another entity.
Plaintiff Sure Way NY, Inc. seeks to recover from defendant Travelers Insurance Co. no-fault benefits for services and medical equipment it provided to its assignor Rachel Constantino for alleged injuries she sustained in a motor vehicle accident which occurred on July 26, 2013.
Defendant received plaintiff’s two bills on September 16, 2013 (first bill), and October 2, 2013 (second bill), respectively, and made two successive verification requests for each bill seeking, inter alia, documentation describing the equipment provided, including wholesale invoices, information regarding the model number, manufacturer, and serial number, and cancelled checks used to pay the invoices. Defendant made verification requests on the two bills between September and November 2013. Petitioner does not challenge the timeliness of these requests.
On December 19, 2013, while the requested verification remained outstanding, defendant conducted an EUO of the assignor, which plaintiff also concedes was timely. The assignor’s testimony raised questions regarding the accuracy of the billing and coding associated with the claims submissions, and the legal relationship between the plaintiff’s corporation and the individuals who performed the services. As a result, on January 9, 2014, defendant sent a letter to plaintiff requesting that it appear for an EUO scheduled for January 29, 2014. After plaintiff failed to appear for the EUO, defendant sent a second *291 scheduling letter to plaintiff dated January 31, 2014, requesting that plaintiff appear for an EUO on February 18, 2014. Plaintiff again failed to appear.
Based upon plaintiff’s failure to respond to the verification requests and failure to appear for the two scheduled EUOs, defendant issued a denial of plaintiff’s claims on February 20, 2014. Plaintiff does not dispute that it failed to respond to the verification requests or that it failed to appear for the EUOs. Defendant moves for summary judgment on the grounds that plaintiff breached a condition precedent to coverage by failing to attend the EUOs. Plaintiff cross-moves for summary judgment on the ground that defendant did not timely mail a request for an EUO within 15 days of its receipt of plaintiff’s claim.
In Prestige Med. P.C. v Travelers Home & Mar. Ins. Co. (56 Misc 3d 284 [Civ Ct, Kings County 2014]), this court held that before an insurance company can take advantage of denying a claim for failure to appear for an EUO beyond the 30-day period pursuant to Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC (82 AD3d 559 [1st Dept 2011]), it must first comply with the notification time lines contained in the verification procedures. This court reached this result because an EUO, as cogently noted by the Honorable Fred J. Hirsh in Tarnoff Chiropractic, P.C. v GEICO Ins. Co. (35 Misc 3d 1213[A], 2012 NY Slip Op 50670[U], *5 [Nassau Dist Ct 2012]), “is a hybrid between a condition precedent to coverage and verification.” Thus, most of the procedural time lines governing EUOs are contained in the regulations relating to verification. (Prestige at 286; see also Country-Wide Ins. Co. v Castro, 2016 NY Slip Op 31505[U] [Sup Ct, NY County 2016].)
11 NYCRR 65-3.5 details the verification procedures to be followed after the insurer receives the completed application for no-fault benefits (NYS form N-F 2). The injured party or that party’s assignee (medical services provider) must then submit written proof of claim (claim form—usually verification of treatment by attending physician or other health care provider—NYS form N-F 3) to the insurer within 45 days after the date the medical services are rendered (Prime Psychological Servs., P.C. v Nationwide Prop. & Cas. Ins. Co., 24 Misc 3d 230, 233 [Civ Ct, Richmond County 2009]). 11 NYCRR 65-3.5 (b) authorizes an insurer, upon receiving the written proof of claim or its substantial equivalent written notice, to request *292 “any additional verification required ... to establish proof of claim . . . within 15 business days of receipt of the prescribed verification forms.” (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 299 [2007]; see A.M. Med. Servs., P.C. v Progressive Cas. Ins. Co., 101 AD3d 53 [2d Dept 2012]; Prestige at 286.) By properly requesting additional verification within 15 days from the receipt of the proof of claim form, an insurer may toll the 30-day period in which it must deny the claim. (Prestige at 286, citing Prime Psychological Servs., 24 Mise 3d at 233.) If the requested verification has not been supplied to the insurer within 30 days after the original request, the insurer shall, within 10 days, follow up upon its request for verification either by a telephone call or by mail (11 NYCRR 65-3.6 [b]).
EUOs and independent medical examinations (IMEs) are considered to be part of an insurer’s “entitlement to ‘additional verification’ ” following receipt of a provider’s statutory claim forms (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18, 19 [App Term, 2d Dept, 2d & 11th Jud Dists 2004], affd in part 35 AD3d 720 [2d Dept 2006]; see 11 NYCRR 65-3.5 [d]; see also Prime Psychological, 24 Misc 3d at 233; All-Boro Med. Supplies, Inc. v Progressive Northeastern Ins. Co., 20 Misc 3d 554 [Civ Ct, Kings County 2008]). Therefore, the written request or demand letter for an EUO must be mailed by an insurer within 15 days of receipt of the proof of claim form (Allstate Ins. Co. v American Comprehensive Healthcare Med. Group, P.C., 2016 NY Slip Op 31175[U] [Sup Ct, NY County 2016]; see National Liab. & Fire Ins. Co. v Tam Med. Supply Corp., 131 AD3d 851, 851 [1st Dept 2015]; American Tr. Ins. Co. v Jaga Med. Servs., PC., 128 AD3d 441, 441 [1st Dept 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Prestige at 286; see also Unitrin Advantage Ins. Co. v Better Health Care Chiropractic, P.C., 2016 NY Slip Op 30837[U] [Sup Ct, NY County 2016] [an insurer must comply with the no-fault insurance regulations governing the claim procedure which prescribe specific time frames for requesting and scheduling EUOs and IMEs in order to satisfy its prima facie burden on a motion for summary judgment declaring that no coverage exists based on the failure of a claimant or medical provider to appear for an EUO or IME]).
In Prestige, this court ruled, in a case of first impression, that when an insurer obtains new information from an EUO of the assignor, which gives it reason to conduct an EUO of the *293 assignee provider, the insurer must send the EUO request to the assignee within 15 business days of the date the EUO of the assignor was held. This court now provides the rationale for this ruling: that the decision to conduct the EUO of the as-signee was based upon new information, causing this to be a new verification request, as opposed to a follow-up request upon a party who has not responded or did not respond in full to the initial request for information.
This court then addressed the ramifications that flow from a request for an additional EUO that was not made within the 15 days prescribed in the regulations. It applied precedent governing untimely requests for additional verification to untimely requests for EUOs. In Nyack Hosp. v General Motors Acceptance Corp. (27 AD3d 96 [2d Dept 2005]), the Second Department ruled that when an insurer is late in requesting additional verification beyond the 15-day time period, the insurer’s time to either pay or deny the claim is reduced. Therefore, inasmuch as the defendants mailed the request for additional verification two days beyond the 15-day period, the time within which the defendants had to either pay or deny the claim was reduced from 30 to 28 days. In so ruling, the Appellate Division relied on 11 NYCRR 65-3.8 (1), which states that “[f]or the purposes of counting the 30 calendar days . . . , with the exception of section 65-3.6 [follow-up requirements], any deviation from the rules set out in this section shall reduce the 30 calendar days allowed.” In Prestige, the insurer requested an EUO of the provider four days after the expiration of the 15-day time period from which the assignor’s EUO was conducted, resulting in the provider having to subtract those four days from the 30 days it had to pay or deny the claim after the provider failed to show up for the scheduled EUO follow up on April 23, 2012.
Similarly here, defendant insurer sent a letter requesting an EUO of the provider on January 9, 2014, some 21 calendar days, or 15 business days, after the EUO was conducted of the assignor on December 19, 2013. It therefore did not have to subtract any days from the 30 days it had in which to issue a denial after the provider failed to appear for its EUO on February 18, 2014. Since defendant issued its denial on February 20, 2014, only two days after the EUO no-show, its denial was timely. Defendant also properly established that it properly generated and mailed the two EUO notification letters, and that the insurer failed to appear for the EUO. (IDS Prop. Cas. *294 Ins. Co. v Stracar Med. Servs., P.C., 116 AD3d 1005 [2d Dept 2014]; Synergy First Med., P.L.L.C. v Allstate Ins. Co., 53 Misc 3d 130[A], 2016 NY Slip Op 51365[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Professional Health Imaging, P.C. v State Farm Mut. Auto. Ins. Co., 52 Misc 3d 134[A], 2016 NY Slip Op 51026 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the defendant’s motion for summary judgment is granted and the plaintiff’s cross motion for summary judgment is denied.