# State Farm Mut. Auto. Ins. Co. v Alford A. Smith, M.D., P.C.

2024 NY Slip Op 33802(U)

October 24, 2024

Supreme Court, New York County

Docket Number: Index No. 155607/2020

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LISA S. HEADLEY

*Justice*

PART                28M

-----------------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

                                    Plaintiff,

- v -

ALFORD A. SMITH, M.D., P.C.,AFFINITY RX,
INC.,ANDALELLA CHIROPRACTIC, P.C.,SONIA
ARMENGOL, M.D., ATLAS PHARMACY, L.L.C., BEST
EMPIRE MEDICAL, P.C.,BEST HANDS-ON PHYSICAL
THERAPY, P.C.,BRAND MEDICAL SUPPLY, INC.,CHANG
HEALTH PHYSICAL THERAPY, P.C.,COMPLETE
NEUROPSYCHOLOGY, P.C.,EZ TRIBORO SERVICES,
INC.,HEALING SERVICES, INC.,JAMES MIHALCHIK, M.D.,
KIM CHIROPRACTIC, P.C.,MEDAID RADIOLOGY, L.L.C.,
OLGA GIBBONS, M.D. D/B/A ASTRO MEDICAL
SERVICES, OS ACUPUNCTURE, P.C.,RIDGEWOOD
DIAGNOSTIC LABORATORY, L.L.C., RIVERSIDE
MEDICAL SERVICES, P.C.,PRISCILLA SANTANA, SPINAL
PRO CHIROPRACTIC, P.C.,SUPPORTIVE PRODUCTS
CORP., SYOSSET ACUPUNCTURE, P.C.,TONG LI, M.D.,
P.C.,VERNON REHAB & PHYSICAL THERAPY,
P.C.,WAKEFIELD CHIROPRACTIC, P.C.,ULYSSES
CHEDA, NELSON SANTIAGO, GEORGELINA VARGAS,
GRISELDA TORRES

                                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155607/2020 |
| MOTION DATE | 03/16/2023 |
| MOTION SEQ. NO. | 003 |

**AMENDED
DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182

were read on this motion to/for            JUDGMENT - SUMMARY            .

This Order supersedes the Decision and Order dated May 8, 2023. (*See, NYSCEF Doc. No. 183).* Upon the forgoing documents, it hereby ORDERED that the plaintiff, State Farm Mutual Automobile Insurance Company's ("State Farm/Plaintiff"), motion for summary judgment pursuant to *CPLR §3212*, is hereby GRANTED against defendants, ALFORD A. SMITH, M.D., P.C., AFFINITY RX, INC., ATLAS PHARMACY, L.L.C., BRAND MEDICAL SUPPLY, INC., CHANG HEALTH PHYSICAL THERAPY, P.C., COMPLETE NEUROPSYCHOLOGY, P.C., HEALING SERVICES, INC., JAMES MIHALCHIK, M.D., MEDAID RADIOLOGY, L.L.C., OLGA GIBBONS, M.D. d/b/a ASTRO MEDICAL SERVICES, OS ACUPUNCTURE, P.C., RIDGEWOOD DIAGNOSTIC LABORATORY, L.L.C., SPINAL PRO CHIROPRACTIC, P.C.,

**155607/2020   STATE FARM MUTUAL AUTOMOBILE vs. ALFORD A. SMITH, M.D., P.C.**          **Page 1 of 4**
**Motion No.  003**

1 of 4

[* 1]

SYOSSET ACUPUNCTURE, P.C., TONG LI, M.D., P.C., VERNON REHAB & PHYSICAL THERAPY, P.C. and WAKEFIELD CHIROPRACTIC, P.C. (hereinafter collectively "The Defendants").

Defendants, ALFORD A. SMITH, M.D., P.C., JAMES MIH.ALCHIK, M.D., MEDAID RADIOLOGY, L.L.C., OS ACUPUNCTURE, P.C., SPINAL PRO CHIROPRACTIC, P.C., TONG LI, M.D., P.C., WAKEFIELD CHIROPRACTIC, P.C. (hereinafter collectively, "the Provider Defendants #1"), by and through their attorney Oleg Rybak, Esq. from The Rybak Firm, PLLC, filed opposition.

Defendants, ALFORD A. SMITH, M.D., (this is the same as above) ATLAS PHARMACY, L.L.C., CHANG HEALTH PHYSICAL THERAPY, P.C., RIDGEWOOD DIAGNOSTIC LABORATORY, L.L.C., SYOSSET ACUPUNCTURE, P.C., and VERNON REHAB & PHYSICAL THERAPY, P.C. (hereinafter collectively, "the Provider Defendants #2") by and through their attorney, Joseph Padrucco, Esq. from the Law Offices of Gabriel & Moroff, P.C.,  also filed opposition.

In support of the motion, the plaintiff submitted, *inter alia*, affidavits from David F. Boucher, Jr. Esq., ("Mr. Boucher") who is the managing partner/supervisor and Vitaly Vilenchik, Esq., ("Ms. Vilenchik") who is an associate at Rubin, Fiorella, Friedman, & Mercante LLP, ("RFFM counsel"). Mr. Boucher and Ms. Vilenchik both work in the department that is responsible for generating and mailing all EUO demand letters. Plaintiff also submits the affidavit of plaintiff's claims specialist, Timothy Dacey.

Plaintiff argues State Farm is entitled to summary judgment on the additional ground that the claimants Ulysses Cheda, Nelson Santiago, and Georgelina Vargas failed to appear at two scheduled EUOs. *See*, *Hertz Vehs. LLC v. Significant Care, PT, P.C.*, 157 A.D.3d 600 (1st Dep't 2018). Plaintiff contends that timely notices were properly mailed to the Claimants. (See, *Exhibit E*, *NYSCEF Doc. No. 151*). Specifically, plaintiff submits that Ulysses Cheda and Nelson Santiago's EUO were scheduled to be held on August 19, 2019, and September 16, 2019. Georgelina Vargas' EUO was scheduled to be held on August 20, 2019, and September 17, 2019. However, RFFM counsel stated that the claimants, Ulysses Cheda ("Cheda"), Nelson Santiago ("Santiago"), and Georgelina Vargas ("Vargas") failed to appear for the EUOs scheduled

In addition, plaintiff argues that although claimant Griselda Torres appeared for her EUO scheduled on September 17, 2019. (*See, NYSCEF Doc. 152*). Plaintiff claims that Torres failed to return a subscribed copy of her EUO transcript. Plaintiff argues that returning the transcripts of the EUO is a condition precedent to coverage and warrants a denial of the claims. *See, Hereford Ins. Co. v. Forest Hills Med., P.C.*, 172 A.D.3d 567 (1st Dep't 2019).  Therefore, plaintiff contends the insurance coverage for the claims must be denied.

Furthermore, plaintiff's claims specialist, Timothy Dacey, contends that the insured Ulysses Cheda made material misrepresentations about his residence and the garage location of the insured vehicle when he procured the policy. Therefore, plaintiff argues that "a misrepresentation in an insurance application is material, voiding the policy *ab initio*, if, had the true facts been known, either the insurer would not have issued the policy or would have charged

155607/2020   STATE FARM MUTUAL AUTOMOBILE vs. ALFORD A. SMITH, M.D., P.C.                    Page 2 of 4
Motion No.  003

2 of 4

a higher premium." *Starr Indem. & Liab. Co. v. Monte Carlo, LLC*, 190 A.D.3d 441, 442, leave to appeal dismissed, (1st Dep't 2021).

In opposition, the Provider Defendants #1 argue, *inter alia*, that plaintiff failed to demonstrate compliance with the No-Fault regulations because plaintiff has not established that it complied with the regulations governing EUOs. The Provider Defendants #1 assert plaintiff has not established that notices had been served in conformity of those requirements pursuant to *11 NYCRR § 65-3.5*, which imposes a time limit for insurers to request additional verification. Provider defendants #2, assert that failure to return a subscribed transcript is not grounds for summary judgment because "the unsigned transcript is not inadmissible and does not constitute a bar to coverage" pursuant to *CPLR §3116*. The Provider Defendants #2 also argue, *inter alia*, there are issues of fact concerning the plaintiff's request for EUOs. The Provider Defendants #2 contend that the plaintiff failed to submit admissible evidence as to when the bills and/or claims were received by defendant. The Provider Defendants #2 also argue there are issues of fact concerning whether there were ever any properly scheduled EUOs; and that plaintiff's EUO requests are improper since they request documents by a date certain.

The Appellate Division, First Department has upheld that the failure to appear for an EUO that was requested in a timely fashion by the insurer is a breach of a condition precedent to coverage and voids the policy *ab initio*. *See*, *Hertz Vehicles, LLC v. Alluri*, 171 A.D.3d 432 (1st Dept. 2019); *Unitrin Advantage Ins. Co. v. Bayshore Physical Therapy, PLLC*, 82 A.D.3d 559, 560 (1st Dep't 2011) ["when defendants' assignors failed to appear for the requested IMEs, plaintiff had the right to deny all claims retroactively to the date of loss, regardless of whether the denials were timely issued"]. The coverage defense applies to any claim and is not determined on a bill-by-bill basis. *See*, *PV Holding Corp. v. AB Quality Health Supply Corp.,* 189 A.D.3d 645, 646 (1st Dep't 2020).

The Court finds that the EUO scheduling letters were timely requested and claimants' failure to appear at that EUO voided the policy *ab initio* as to all claims. Here, the documentary evidence shows that plaintiff sent the EUO scheduling letters to the claimants within 15 business days of receiving the prescribed verification forms. *See, 11 NYCRR 65-3.5(b)*; *Hertz Vehicles, LLC v. Best Touch PT, P.C.,* 162 A.D.3d 617 (1st Dep't 2018). The EUO scheduling letters and proof of service are annexed as *Exhibits E* and *G* to the motion. (*See, NYSCEF Doc. Nos. 151 and 153)*. Here, plaintiff demonstrated that claimants Ulysses Cheda, Nelson Santiago, and Georgelina Vargas breached a condition precedent to coverage by failing to appear for properly noticed EUOs on two separate occasions. *See, Herts Vehicles, LLC v. Alluri,* 171 A.D.3d 432 (1st Dep't 2019). (*See, NYSCEF Doc. Nos. 151 and 153*). Furthermore, claimant Griselda Torres' failure to subscribe and return the transcript of her examination under oath (EUOs) violated a condition precedent to coverage and warranted denial of the claims. (*See Hereford Ins. Co. v. Forest Hills Med., P.C.,* 172 A.D.3d 567 (2019).

The Court further finds that the defendants failed to rebut the presumption of the mailing or receipt. *See*, *Quality Psychological Services, P.C. v. Hartford Ins. Co.,* 38 Misc.3d 1210(A) (Kings County 2013). Moreover, there is nothing on the Court's record to suggest that the

**155607/2020   STATE FARM MUTUAL AUTOMOBILE vs. ALFORD A. SMITH, M.D., P.C.**          **Page 3 of 4**
  **Motion No.  003**

3 of 4

[* 3]

scheduled EUOs were not justified, nor held at a place and time that was not reasonably convenient to the assignor. *See, Eagle Surgical Supply Inc. v Progressive Cas. Inc.,* 21 Misc.3d 49 (App Term 2nd Dep't 2008).

Accordingly, it is hereby

**ORDERED** that the branch of State Farm Mutual Automobile Insurance Company's motion under *CPLR §3212* seeking summary judgment in its favor is GRANTED as to defendants ALFORD A. SMITH, M.D., P.C., AFFINITY RX, INC., ATLAS PHARMACY, L.L.C., BRAND MEDICAL SUPPLY, INC., CHANG HEALTH PHYSICAL THERAPY, P.C., COMPLETE NEUROPSYCHOLOGY, P.C., HEALING SERVICES, INC., JAMES MIHALCHIK, M.D., MEDAID RADIOLOGY, L.L.C., OLGA GIBBONS, M.D. d/b/a ASTRO MEDICAL SERVICES, OS ACUPUNCTURE, P.C., RIDGEWOOD DIAGNOSTIC LABORATORY, L.L.C., SPINAL PRO CHIROPRACTIC, P.C., SYOSSET ACUPUNCTURE, P.C., TONG LI, M.D., P.C., VERNON REHAB & PHYSICAL THERAPY, P.C. and WAKEFIELD CHIROPRACTIC, P.C.; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that the case shall continue against the remaining defendants; and it is further

**ORDERED** that within 30 days of entry, plaintiff shall serve a copy of this decision/order upon the defendants with notice of entry.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **10/24/2024** | |
| **DATE** | **LISA S. HEADLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155607/2020   STATE FARM MUTUAL AUTOMOBILE vs. ALFORD A. SMITH, M.D., P.C.**          **Page 4 of 4**
**Motion No.  003**

4 of 4

[* 4]